DOUGHERTY, J.T.C.
The Issue: The issue for decision is what is required to satisfy the notice requirements placed upon the municipality by N.J.S.A 54:4r-34.

The Facts:

Wayne Township (the municipality) brings this motion to dismiss taxpayers’ complaint pursuant to N.J.S.A. 54:4-34.
By letter dated October 6, 1992 the municipality’s chief tax assessor (the assessor) requested income and expense information (the notice) from Vincent A. and Ann C. Pisani (the taxpayers). The assessor, in her certification filed in support of the within motion, states that the request was sent by certified mail, return *414 receipt requested, on or about October 6, 1992. Annexed to the assessor’s certification is a certified mail receipt, which shows a September 30, 1992 postmark. The taxpayers acknowledge receipt of the notice; nevertheless, the taxpayers failed to provide any income information within 45 days as required by the statute or otherwise respond to the notice.
The municipality’s notice was contained in a one-page letter which requested the taxpayers to provide “current income and expense data” for their property and to submit actual leases and/or rent rolls relating to the property at issue. Alternatively, the taxpayers were given the option of providing the requested information on a form enclosed with the notice.
The letter notified the taxpayers of the potential consequences of failing to comply with the request. In particular, it provided that “(i)n the event that you do not furnish this information within the prescribed time period, you may be precluded from filing an appeal challenging the assessment of the property.” The “prescribed time period” referenced was “within 45 days from the date of this letter.” In addition, the notice quoted N.J.S.A. 54:4-34. The provision, blocked and in smaller print, was set apart from the remainder of the letter. Finally, the notice directed “(i)f you have any questions regarding this request, or need clarification relating to the information sought, please contact this office for further assistance.”

Discussion of the Law:

In their brief opposing the motion, the taxpayers argue that the municipality must strictly comply with the statutory provisions. Citing F.M.C. Stores v. Morris Plains Boro, 100 N.J. 418, 426-27, 495 A.2d 1313 (1985) and SAIJ Realty, Inc. v. Kearny, 8 N.J. Tax 191, 196-97 (Tax 1986), the taxpayers assert that implicit within the strict compliance requirement is the duty of the municipality to deal fairly with the taxpayer. They urge that the assessor’s statement in the letter providing that the taxpayers “may be precluded from filing an appeal” indicates that the municipality did not give adequate notice that lack of compliance with the request must result in the preclusion of an appeal *415 (i.e., as the statute provides, “no appeal of the assessment shall be heard.” N.J.S.A. 54:4-34; emphasis added). Specifically, the taxpayers assert that by using the word “may,” the taxpayers do not receive adequate notice that compliance is mandatory. They maintain that the assessor’s use of the word “may” is contrary to the mandatory language of the statute. The taxpayers conclude that a layman reading the potential consequences of his failure to comply in large print would assume that the statute quoted in small print is identical to and consistent with the foregoing statement, failing to realize that his right to appeal would be precluded.
In its reply brief the municipality notes that N.J.S.A 54:4-34 is intended to assist the assessor in determining the assessment and to avoid unnecessary litigation costs to both sides. Terrace View Gardens v. Dover Tp., 5 N.J.Tax 469, 471-72 (Tax 1982) aff'd, 5 N.J.Tax 475 (App.Div.1983). Because the federal and state constitutions require a hearing as to the reasonableness of the assessment, even where the taxpayer fails to comply with the assessor’s request for income information, the municipality asserts that the use of the phrase “may be precluded from an appeal” was accurate. See Ocean Pines Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988). The municipality adds that, even if the phrase was not accurate, a reasonable business person upon reading the phrase would be put on notice that an appeal may be precluded. A reasonable business person would continue and read the entire one-page letter including the statute in smaller print. Consequently, the municipality argues that it may be concluded that the taxpayers received adequate notice and failed to comply with the request without a reasonable explanation (and in fact ignored the request). Accordingly, an appeal from the assessment of the property should be precluded, subject to a reasonableness hearing. Terrace View Gardens v. Dover Tp., supra; See Ocean Pines Ltd. v. Bor. of Point Pleasant, supra.
The court agrees with the municipality’s position. N.J.S.A 54:4r-34 provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and *416 real property and income therefrom, in the case of income-producing property, * * * and if he shall fail or refuse to respond to a written request of the assessor within 45 days of such request, * * * the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request * * *. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
The question of adequacy of notice was examined by Judge Crabtree in SAIJ Realty, Inc. v. Kearny, supra. In that case the assessor failed to include a current copy of the statute with his request for income information. The assessor’s letter included a copy of an earlier version of N.J.S.A 54:4-34, since amended. Significantly, that version did not apprise the taxpayer of the consequences of noncompliance. Consequently, the court denied the municipality's motion to dismiss for failure to comply with a mandatory section of the statute. Failure to provide the current version of the statute, deprived the taxpayer of adequate notice that his right to appeal would be precluded and violated fair dealing duty set out in F.M.C. Stores v. Morris Plains Bor., supra.
The instant case is distinguishable from the facts of SAIJ Realty, Inc. v. Kearny. Here, the taxpayers received a current version of the statute. Inclusion of the statute alerts the taxpayer of the repercussions of noncompliance. The municipality’s notice is, therefore, in compliance with the statute. See N.J.S.A 54:4-34. In fact, by stating in the main text of its notice that the taxpayers’ noncompliance “may” be fatal to an appeal, the municipality put the taxpayers on notice of the potential consequences of noncompliance. This went beyond the requirements of N.J.SA 54:4-34 and is indicative of the municipality’s efforts to turn very “square corners” in its dealings with the taxpayer. F.M.C. Stores v. Morris Plains Boro, supra.
*417 Finally, the taxpayers argue that the municipality should have coupled the motion at issue with a similar motion filed for the previous tax year. The taxpayers assert that this is also contrary to the fair dealing requirements expressed in F.M.C. Stores.
This argument is without merit. As the municipality points out, the 1991 tax year motion was filed before the filing date of the 1992 tax year complaint. Furthermore, the facts and circumstances relating to the two tax years are not identical.
In conclusion, the taxpayers have offered no reasonable explanation for ignoring the assessor’s request for income information. The municipality requested the information in a timely manner and the taxpayers were notified of the potential consequences of noncompliance. As Judge Rimm wrote, “refusals on the part of the taxpayer to cooperate with local property tax assessors cannot be tolerated by this court.” Terrace View Gardens v. Dover Tp., supra, 5 N.J.Tax at 474.
For the foregoing reasons and subject to a possible reasonableness hearing, as required by Ocean Pines, Ltd., v. Pt. Pleasant Bor., supra, defendant’s motion to dismiss plaintiffs complaint is granted. Counsel for defendant will submit the necessary form of order.