681 A.2d 1232

NATIONAL MORTGAGE COMPANY, PLAINTIFF, v. ANTHONY SYRIAQUE, ET ALS., DEFENDANT.

Superior Court of New Jersey
Chancery Division Union County
General Equity

Decided June 22, 1994.

*Juan C. Perez,* for plaintiff (*Shapiro and Kreisman,* attorneys).

*Nicholas J. Purcell,* for defendant Nationscredit Financial Services Corporation (*Stern, Lavinthal, Norgaard and Daly,* attorneys).

BOYLE, P.J.Ch.

This post judgment motion focuses on the novel issue of whether a plaintiff, who made additional disbursements to preserve the mortgaged property, is entitled to surplus funds subsequent to the entry of an order to release surplus funds to a second mortgagee. This opinion is based upon plaintiff's original motion, as well as a subsequent motion filed by defendant for reconsideration.

On January 14, 1991, plaintiff, National Mortgage Company, instituted this foreclosure action against the defendants including:

Anthony Syriaque and Maria Syriaque, his wife as mortgagors and Nationscredit Financial Services Corporation as successor to Chrysler First Financial Services, the second mortgagee. The final judgment of foreclosure was entered in the case on November 30, 1992, and the sheriff's sale was held on July 14, 1993. The sheriff's sale was held to satisfy plaintiff's judgment for the sum of $51,385.42, together with interest thereon and costs of this action. Additionally the sheriff was advised by letter dated July 14, 1993, that additional advancements were made by the plaintiff subsequent to the entry of final judgment, and that said sums should be included in any payoff or reinstatement by the mortgagor or third parties. The existence and amount of these advances were announced at sale. Furthermore, it should be noted that the plaintiff did bid up to $70,000.00, an amount which included those advancements. Nationscredit was the high bidder at said sale, with a bid of $70,100.00.

Subsequent to the entry of the final judgment, plaintiff made additional disbursements in the amount of $7,472.79 for real estate taxes, property insurance premiums and sewer liens. On March 9, 1994, plaintiff moved before this court seeking surplus funds for reimbursement of those expenditures. Defendant, Nationscredit Financial Services Corporation, (Nationscredit), the holder of the second mortgage, objected to this application, because a final judgment of foreclosure was already entered in favor of plaintiff and, therefore, argued that the application was untimely. Furthermore, Nationscredit contended that no funds remained because the surplus funds had been released to Nationscredit pursuant to a court order dated October 5, 1993. For the reasons set forth below, plaintiff's motion is granted, $7,472.79 will be paid to plaintiff from the surplus funds and the October 5, 1993, order is modified accordingly.

## I.

Pursuant to *N.J.S.A.* 2A:50–37, surplus funds realized at a foreclosure sale "shall be deposited with the court and the same

shall be paid to the person or persons entitled thereto, upon application therefor, as the court shall determine." "Petitions for surplus monies in foreclosure actions may be presented at any time after the sale and may be heard by the court on motion and notice to all defendants whose claims are not directed in the execution to be paid out of the proceeds of the sale including defaulting defendants." *R.* 4:64–3.

■ The clear language of *R.* 4:64–3 only mandates that a petitioner seeking surplus funds give notice to all *defendants.* This court recognizes that it cannot usurp the Supreme Court's rule making powers by promulgating its own rules. *See State v. Leonardis,* 73 *N.J.* 360, 368, 375 *A.*2d 607 (1977). However, this court does not have to read *R.* 4:64–3 in isolation; it can read it in conjunction with *R.* 1:1–2. *R.* 1:1–2 provides that:

> The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes.

In this case an announcement was made to those persons present at the sheriff's sale of the additional expenditures made by the plaintiff. An agent for the defendant was present at that sale and Nationscredit was in fact the purchaser at said sale. Nationscredit purchased the property with notice of those additional expenditures and, therefore, it would have been equitable and fair for Nationscredit to give notice to plaintiff, although clearly not a defendant, of its application for surplus funds, under the circumstances.

■ Distribution of surplus funds is made in accordance with the order of priority. 30 *N.J.Practice, Law of Mortgages* § 382 at 336 (Cunningham & Tischler 1975 & Supp.1994). It is recognized that an application for surplus funds should be heard on motion with *notice to all interested parties.* 30 *N.J.Practice, supra,* § 383 at 339. While no proof of the alleged prior order was supplied to this court in support of defendant's opposition to this

motion, the court is aware that an order for surplus funds, in favor of defendant, was entered on October 5, 1993.

■ When questioned by the court, at oral argument, about its previous application for surplus funds, Nationscredit conceded that the motion was made without the requisite notice to the plaintiff. However, it was the defendant's position that notice need only be provided to the other defendants. This court disagrees. In light of the fact that the defendant had actual notice of plaintiff's claim and the fact that the entry of a final judgment of foreclosure does not sever a plaintiff's entitlement to surplus funds, *see Central Trust Co. v. Central Freezing Co.,* 85 *N.J.Eq.* 363, 96 *A.* 63 (Ch.1915), *aff'd o.b.,* 86 *N.J.Eq.* 243, 98 *A.* 1085 (E. & A.1916), plaintiff was entitled to notice of Nationscredit's motion for surplus funds, which it did not receive.

## II.

■ Nationscredit argues that the fund rights of the parties were established in the final judgment of foreclosure, upon which the parties were entitled to rely. Therefore, according to Nationscredit, plaintiff cannot at this time seek additional funds. It is true that a judgment is the final determination of the case. *Colonial B. & L. Assn. v. Mongiello Brothers, Inc.,* 120 *N.J.Eq.* 270, 276, 184 *A.* 635 (Ch.1936). This must be the law, or interested persons could never ascertain with finality the rights and obligations of a defendant. *Ibid.*

However, Nationscredit's analysis of the above cited case is inappropriate. In *Colonial,* the mortgagor continued to tender payments to the first mortgagee which were accepted by the first mortgagee and applied to the interest, fines and dues pursuant to the mortgage. Notwithstanding acceptance and use of those monies the first mortgagee sought enforcement of the judgment. *Id.* at 276–77, 184 *A.* 635. The court, in *Colonial,* held that the first mortgagee's conduct was impermissible in light of the doctrine of merger. *Id.* at 271, 184 *A.* 635. Pursuant to the doctrine

of merger, the mortgage document mergers into the final judgment of foreclosure, thus extinguishing it. *Id.* at 276, 184 *A.* 635.

That case is not analogous to the case at bar. In this case, the first mortgagee is not accepting payments from the mortgagor as payment for any past debt. Rather, National Mortgage Company is merely seeking to be reimbursed for monies expended to preserve the mortgaged premises.

■ According to Nationscredit, plaintiff should have amended its judgment in a timely manner. While this court certainly recognizes that avenue of redress available to the plaintiff, it cannot overlook a well established principle. Clearly, a plaintiff would be well advised to so amend its judgment; however, it is not mandated by our laws. 30 *N.J.Practice, supra,* § 381 at 335.

In 1915, a New Jersey court held that subsequent to the entry of the final foreclosure judgment, a plaintiff that makes disbursements for the preservation of the mortgage security, may be reimbursed out of the surplus funds for those expenditures. *Central Trust Co., supra,* 85 *N.J.Eq.* at 366, 96 *A.* 63. In *Central Trust Co., supra,* Vice Chancellor Backes wrote:

> I observe, now, although counsel has not called my attention to it, that out of the proceeds of sale the complainant should be first reimbursed for the monies advanced for the payment of insurance premiums and taxes and that thereafter the distribution should be in the proportions above mentioned....
>
> [*Ibid.*]

■ Defendant argues that the above statement is merely dicta. Furthermore, defendant notes that no reported case has ever cited *Central Trust Co..* It is true that portions of an opinion that are dicta are not binding. *West Milford Tp. v. Garfield Recreation Committee, Inc.,* 194 *N.J.Super.* 148, 476 *A.*2d 333 (Law Div.1983).

This court is not bound to follow *Central Trust Co.;* however, it chooses to do so under the circumstances in this case. The plaintiff expended $7,472.79 to preserve the property. Preservation of the property is advantageous to all interested parties. Furthermore the surplus was created by the competitive bidding by the plaintiff up to $70,000.00 to cover those advances. There-

fore, plaintiff was entitled to reimbursement for those expenditures.

While no reported case has cited *Central Trust,* the legal principle articulated by Vice Chancellor Backes is applicable in this case. For a court not to permit a mortgagee to be reimbursed for the expenditures made for the benefit of the foreclosed property, would discourage upkeep of the property. A court should not explicitly permit or tacitly allow property in foreclosure to fall into ruin. Preservation of the premises should not be discouraged by the courts. If a court refused to allow a mortgagee to be reimbursed for monies utilized for the benefit of the property, the court would be implicitly eradicating any incentive or inclination a mortgagee may have to preserve the property. From a practical standpoint, property that has been maintained may result in a higher bid at the foreclosure sale and, therefore, preservation of the property by the first mortgagee is advantageous to all of the parties concerned. This court has no alternative but to reiterate and reinforce the learned opinion of Vice Chancellor Backes posited 80 years ago in *Central Trust, supra,* 85 *N.J.Eq.* at 363, 96 *A.* 63.

Nationscredit further contends that plaintiff should have amended its final judgment of foreclosure earlier, in accordance with *R.* 4:50–1, to reflect those expenditures. *R.* 4:50–1 governs the grounds upon which a party or his legal representative can be relieved from a final judgment or order.

> The motion shall be made within a reasonable period of time, and for the reasons [set forth in subsections] (a), (b) and (c) of *R.* 4:50–1 not more than one year after the judgment, order or proceeding was entered or taken.
>
> [*R.* 4:50–2.]

This rule is not applicable to this case, since plaintiff is not seeking relief from the judgment; rather, plaintiff is seeking surplus funds. While *R.* 4:64–3 states that petitions for surplus funds may be presented "at any time," it is this court's finding that a reasonable time is implicit in the rule.

Nationscredit is arguing that the plaintiff's motion should have been filed within a year or a reasonable time of the entry of the final judgment of foreclosure. However, that is not the relevant date. National Mortgage Company made those expenditures subsequent to the entry of that judgment and up until the sheriff's sale. To require the plaintiff to file the motion at any time prior to the sheriff's sale would have resulted in the filing of constant applications by plaintiff.

The court does agree with Nationscredit to the extent that it argues that plaintiff's motion must have been made within a reasonable time. The pertinent date, however, is not the date of the judgment but the date Nationscredit paid the balance of the amount due pursuant to the sale and the plaintiff received the check from the sheriff. This occurred in September of 1993. The motion was filed March 9, 1994.

Plaintiff waited approximately five and one-half months. Therefore, this court must decide whether or not that was a reasonable time. Reasonableness is determined based upon the facts and circumstances of each particular case. *See United Pacific Insurance Co. v. Lamanna's Estate,* 181 *N.J.Super.* 149, 436 *A.*2d 965 (Law Div.1981).

Plaintiff waited five and one-half months to file its motion for surplus funds. Plaintiff's counsel said that a portion of that time was spent transmitting the motion papers to the out of state client for review and the appropriate signatures. In light of the fact that petitions for surplus funds can be made at any time after the sale and plaintiff's conduct during that five and one-half month period, plaintiff acted within a reasonable amount of time. Therefore, this court finds that plaintiff's motion was filed in a timely manner.

Counsel articulated very strong, sound arguments on behalf on their respective clients. However, when balancing the equities,

this court concluded that the equities favored the plaintiff under these circumstances. Defendant tacitly acknowledged the advances by engaging in the competitive bidding with plaintiff in excess of the amount of the judgment, which created the surplus funds. Therefore, it would be contradictory to pay defendant the surplus funds without first reimbursing plaintiff, since the defendant had full knowledge of the advances.

This case is not to be interpreted as requiring every applicant for surplus funds to give notice to plaintiff. In this case, it is required for the following reasons: notice was given at the sheriff's sale of the additional funds expended by plaintiff for the preservation of the foreclosed premised; Nationscredit, a sophisticated active participant in foreclosures, was the purchaser at the sale; the competitive bidding between the parties resulted in a bid in excess of the judgment; and National Mortgage Company did not act in a dilatory manner in filing its application for surplus funds. This opinion does not address how a court should rule if all or some of these facts are not present in a particular case.

National Mortgage Company made those payments to maintain the insurance and taxes on the property and is, therefore, entitled to reimbursement from the surplus funds in the amount of $7,472.79. Plaintiff's motion is granted.