PER CURIAM.
Petitioner Alfred Conhagen, Inc., filed a direct tax appeal from the 1995 tax assessment of an 11,000 square foot industrial building which it owns and occupies at 110 Sylvania Place, South Plainfield. On July 14, 1994, South Plainfield Borough’s tax assessor, in compliance with N.J.S.A. 54:4-34, notified petitioner of its obligation to respond within forty-five days as to the valuation of income-producing property. Petitioner failed to respond. Petitioner’s failure to comply with the statute resulted in a dismissal of its direct tax appeal.
On appeal, petitioner contends that it was not required to respond to the notice it received from the tax assessor because the property on Sylvania Place is solely owner-occupied and is not *472 income-producing within the meaning of N.J.S.A. 54:4-34. We disagree and therefore affirm.
N.J.S.A. 54:4-34 provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such .terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
The record on appeal reflects that petitioner was notified by certified mail of its obligation to respond to the tax assessor and that the assessor, as required, provided petitioner with a copy of N.J.S.A. 54:4-34. It appears uncontradicted that for three years prior to May 1994, petitioner was the owner and sole occupier of its industrial building with adjoining land. During that same period, petitioner leased a portion of its land to another company for the storage of vehicles. Under the terms of that lease, petitioner received $36,000 per year in rent. Although petitioner’s building was owner-occupied and was not income-producing, its land was income-producing. The prior use of petitioner’s property, rendered the property “income-producing property.” This prior use was known to the tax assessor, and that prior history served as the basis for formulating the tax assessment effective July 1,1995.
It is uncontradicted that petitioner failed to respond in any manner to the certified notification that it received on July 14, 1995. As noted, petitioner’s failure to respond resulted in the dismissal of its direct tax appeal.
*473 In reviewing N.J.S.A. 54:4-34, we observe that the Legislature has not created a specific mechanism to be utilized by a taxpayer to modify the records of the tax assessor when formerly income-producing property is no longer utilized for an income-producing purpose. A clear reading of the statute makes it incumbent upon a taxpayer, who receives notice, to respond to the tax assessor. A response that identifies the “full and true account of his name and real property and the income therefrom” appears mandatory.
Where the property has not produced income, the taxpayer is obliged to report that fact to the tax assessor. The failure to produce income may be explained by the temporary loss of a tenant, the presence of a tenant who has failed to pay rent, or, as in this case, the apparent termination of the tenancy and a withdrawal of the property from the rental market.
These examples are not intended to be exclusive but are illustrative of information that should be provided to a tax assessor whose records clearly reflect that a property has been used as income-producing property.
The Supreme Court had occasion to review N.J.S.A. 54:4-34 in Ocean Pines, Limited v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988). There, the taxpayer purchased a twenty-unit garden apartment complex on February 15, 1984, and did not respond to the tax assessor’s demand for information in a notice dated March 26, 1994. The information was going to be used by the assessor to assess the property for the 1985 tax year. The taxpayer, despite receiving appropriate notification, believed that as a new purchaser it was exempt from responding to the assessor. The Borough moved to dismiss the taxpayer’s direct tax appeal, claiming that the reasons advanced by the taxpayer for its failure to comply with the information request did not constitute “good cause,” which would have permitted an untimely submission of the requested information.
The Supreme Court explained that the purpose of the statute is “ ‘to assist the assessor in the first instance, to make the assessment and thereby ... to avoid unnecessary expense, time and effort in litigation.’ ” Id. at 7, 547 A.2d 691 (quoting Terrace View *474 Gardens v. Township of Dover, 5 N.J. Tax 469, 474-75 (Tax Ct.1982), aff'd o.b., 5 N.J. Tax 475 (App.Div.), certif. denied, 94 N.J. 559, 468 A.2d 205 (1983)).
The Court went on to point out:
“[rjefusals on the part of the taxpayers to cooperate with the local property assessors cannot be tolerated by this court . . . . Here the taxpayer had an opportunity to supply the assessor information pertinent to the assessor’s work. It failed and refused to do so without any explanation, and its attitude in failing to even respond to the assessor’s legitimate statutory request is inexcusable. ”
[Ocean Pines, supra, 112 N.J. at 8, 547 A.2d 691 (quoting Terrace View Gardens, supra, 5 N.J. Tax at 474-75 (emphasis added)).]
Here, petitioner’s property had been income producing for three successive years. Its rental income of $36,000 per year was significant. As the owner of an 11,000 square foot industrial building with adjoining land, it cannot be concluded that petitioner is other than a sophisticated taxpayer. We conclude that petitioner had a mandatory duty to respond to the tax assessor and a duty to demonstrate that its property ceased to be income-producing as of May 1994. Petitioner’s total failure to respond to the tax assessor is not acceptable.
Affirmed.