PER CURIAM.
Plaintiff Schirmer-National Co. is a New Jersey corporation engaged in the business of furnishing central station alarm monitoring services to customers located in this State. Effective July 1, 1990, the New Jersey Sales and Use Tax was amended to apply the tax to “receipts from every sale, except for resale, of intrastate or interstate telecommunications charged to an address in this State, regardless of where the services are billed or paid.” N.J.S.A. 54:32B-3(f). The Director of the Division of Taxation assessed a tax against Schirmer-National Co. pursuant to this amendment. The company conceded liability for and paid part of the tax, but continued to dispute a portion of what the Director claimed was its outstanding sales tax obligation.
To resolve that dispute, Schirmer-National Co. filed an action in the Tax Court contesting the assessment of the Division of Taxation. Subsequent to the filing of the complaint, the company paid pari of the contested assessment through the 1996 Tax Amnesty Program. The assessment for the period of July 1, 1990 to July 31, 1991 was still disputed. The matter was presented to the Tax Court on cross-motions for summary judgment. The court entered a judgment sustaining the assessment. The company’s motion for reconsideration was denied.
Schirmer-National Co. has appealed. It argues the following points:
I. THE PROVISIONS OF L. 1990 c. 40, TAXING “TELECOMMUNICATIONS,” WERE SO BROAD THAT UNTIL THE STATE ISSUED A TAX NEWS RELEASE IN 1991, A VENDOR OF BURGLAR ALARM MONITORING SERVICES WAS NOT ON NOTICE THAT IT SHOULD COLLECT SALES TAX
II. THE TRIAL COURT ERRED IN NOT RECONSIDERING ITS JUDGMENT AND REFUSING TO RECEIVE EVIDENCE OF PLAINTIFF’S ATTEMPT TO GET CLARIFICATION OF THE NEW TAX LAW IN JULY 1990
*49 We have carefully considered the arguments of the parties in the light of the applicable law and the record presented to us. We affirm the judgment appealed from substantially for the reasons stated by the Tax Court in its opinion of August 17, 1998, granting summary judgment in favor of the Director of the Division of Taxation, and in its opinion dated January 4, 1999, denying reconsideration.