DeALMEIDA, P.J.T.C.
The question before the court is whether a tax assessor’s request for income and expense information pursuant to N.J.S.A. 54:4-34, commonly known as Chapter 91, (see L. 1979, c. 91), must include an explanation of the consequences of a taxpayer’s failure to respond to the request in a timely fashion. For the reasons stated more fully below, the court concludes that the assessor need not explain the penalty for failing to comply with the request because Chapter 91 requires the assessor to include with the request a copy of the statute, which plainly sets forth the consequences of failing to comply with its provisions. In reaching this conclusion the court adopts the holding in Pisani v. Township of Wayne, 13 N.J.Tax 412 (Tax 1993), to the same effect and rejects the dictum set forth in Southland, Corp. v. Township of Dover, 21 N.J.Tax 573, 578 (Tax 2004), and repeated in Thirty Mazel, LLC v. City of East Orange, 24 N.J.Tax 357, 362 (Tax 2009), that a Chapter 91 request for income and expense information “must spell out the consequences of failure to comply with the assessor’s demand, namely a bar to the taxpayer’s taking of an appeal from its assessment.”
I. Findings of Fact
The facts are not in dispute. Plaintiff James-Dale Enterprises, Inc. owns real property in defendant Township of Berkeley Heights. The property is designated by the township as block 501, lot 1 and is commonly known as 735 Springfield Avenue. The property is income producing.
On or about June 1, 2009, the municipal tax assessor sent to plaintiff by certified mail, return receipt requested, a written request for income and expense information regarding the property to assist in setting the assessment for tax year 2010. The request identified the property by block and lot number, as well as its commonly known address. The request included a copy of N.J.S.A. 54:4-34, as required by the statute. The letter explained:
This request is being made in accordance with N.J.S.A. 54:4-34 and includes a complete copy of the statutory language on the reverse side of this letter for your reference. The information requested must be submitted to this office within 45 days from the date of this letter. In the event that you do not furnish this *120 information within the prescribed time period, you may be precluded from filing any tax appeal challenging the assessment of this property. If you have any questions regarding this request, or need clarification relating to the requested information, please contact this office.
The assessor’s request was delivered to a representative of the taxpayer on June 5, 2009. The taxpayer did not respond to the assessor’s request. The assessor thereafter set the assessment on the property without the benefit of the taxpayer’s response.
On March 24, 2010, plaintiff filed a Complaint challenging the assessment on the property for tax year 2010.
On August 17, 2010, defendant moved for relief under N.J.S.A. 54:4-34 based on plaintiffs failure to respond to the assessor’s request for income and expense information. Defendant sought dismissal of the Complaint and an Order limiting plaintiff to a reasonableness hearing as provided in Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988).
Plaintiff opposed the motion, arguing that the tax assessor’s request failed accurately to explain the consequences of the taxpayer’s failure to respond. According to plaintiff, the assessor’s statement that the taxpayer “may be precluded from filing any tax appeal challenging the assessment of this property” in the event it did not furnish the requested information is an inadequate and incomplete explanation of the appeal-preclusion provision of N.J.S.A. 54:4-34. According to plaintiff, the assessor has an obligation in a request for income and expense information to explain fully the statute and inform the taxpayer that failure to respond in a timely fashion will bar any appeal of that assessment. In support of its argument plaintiff relies primarily on a passage in the court’s opinion in Southland, supra. In addition, the taxpayer argues that the assessor’s statement is misleading and precludes dismissal of the Complaint under the square corners doctrine.
The municipality contends that the statute imposes no obligation on the assessor to explain the consequences of a failure to respond and that inclusion of the text of the statute with the request adequately informs the taxpayer of the appeal-preclusion provision of N.J.S.A 54:4-34. According to defendant, the holding in *121 Pisani, supra, correctly rejected the argument advanced by plaintiff and any suggestion in Southland, supra, that the tax assessor has an obligation to explain the statute in a request for income and expense information is dictum that should not be followed by this court. Defendant also argues that the assessor’s statement that a failure to respond in a timely fashion “may” preclude an appeal by the taxpayer is an accurate explanation of the law and does not violate the square corners doctrine.
II. Conclusions of Law
N.J.S.A. 54:4-34 provides
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property ... and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request____In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
In light of the severity of the appeal-preclusion provision of N.J.S.A. 54:4-34, this court has consistently held assessors to a standard of strict compliance with the statute. “The government must speak in clear and unequivocal language where the consequence of non-compliance is the loss of the right to appeal assessments.” Cassini v. City of Orange, 16 N.J.Tax 438, 453 (Tax 1997). Thus, a request that does not clearly identify the information sought may not form the basis of dismissal of a Compliant. In addition, an assessor’s request must provide the taxpayer with fair notice of his obligations, which requires that the subject property be clearly and unequivocally identified in the request. Green v. City of East Orange, 21 N.J.Tax 324 (Tax 2004).
The question of whether the assessor must explain the appeal-preclusion provision of N.J.S.A. 54:4-34 and the consequences of a taxpayer’s failure to comply with the statute was addressed in Pisani. In that case, the municipal tax assessor sent the property *122 owners a request for income and expense information pursuant to N.J.S.A. 54:4-34. The request included a copy of the text of N.J.S.A. 54:4-34 and informed the taxpayers that “[i]n the event that you do not furnish this information within the prescribed time period, you may be precluded from filing an appeal challenging the assessment of the property.” Pisani, supra, 13 N.J.Tax at 414. In addition, the request stated that “[i]f you have any question regarding this request, or need clarification relating to the information sought, please contact this office for further assistance.” Ibid.
The taxpayers failed to respond to the information request and subsequently filed an appeal challenging the assessment set by the assessor. In opposition to the municipality’s motion to dismiss the Complaint pursuant to N.J.S.A 54:4-34, the taxpayers argued that the assessor’s statement that the taxpayers “may be precluded from filing an appeal” should they fail to respond to the request in a timely fashion amounted to an inadequate explanation of the law because dismissal of the Complaint for failure to respond is mandatory under N.J.S.A 54:4-34. Id. at 414-15.
This court rejected the taxpayer’s contentions. As the court explained,
[h] ere, the taxpayers received a current version of the statute. Inclusion of the statute alerts the taxpayer of the repercussions of noncompliance. The municipality’s notice is, therefore, in compliance with the statute.
[Id. at 416.]
The court continued
[i] n fact, by stating in the main text of its notice that the taxpayers’ noncompliance “may” be fatal to an appeal, the municipality put the taxpayers on notice of the potential consequences of noncompliance. This went beyond the requirements of N.J.S.A. 54:4-34 and is indicative of the municipality’s efforts to turn very “square corners” in its dealings with the taxpayer.

[Ibid.]

The court’s holding in Pisani controls here. The tax assessor satisfied N.J.S.A 54:4-34 by including in his request the text of the current version of the statute. The law plainly sets forth the consequences of a taxpayer’s failure to respond. Inclusion of the statute with the assessor’s request goes beyond the ordinary rule that taxpayers are charged with knowledge of the law. See *123 Schirmer-National Co. v. Director, 17 N.J.Tax 495, 502 (Tax 1998)(citing Graham v. New Jersey Real Estate Comm’n, 217 N.J.Super. 130, 138, 524 A.2d 1321 (App.Div.1987)), aff'd, 19 N.J.Tax 47 (App.Div.2000). Here, the taxpayer was provided by the assessor with a copy of the statutory provision the municipality seeks to enforce. The statute speaks for itself and provides the clearest notice of the law possible.
In the plain language of the statute, the Legislature did not require that the tax assessor explain the meaning of Chapter 91. The suggestion to the contrary in Southland, supra, is dictum, and not supported by law. The issue before the court in Southland was whether a taxpayer who failed to respond to an assessor’s Chapter 91 request may raise in opposition to a motion to dismiss the Complaint the defense that the property is not income producing. 21 N.J.Tax at 576. The taxpayer did not assert a challenge based on the contents of the assessor’s request or argue that the assessor failed adequately to explain the consequences of a failure to provide income and expense information in a timely fashion.
Before addressing the issues raised by the parties, the court, in what amounts to an introductory paragraph of its analysis of N.J.S.A. 54:4-34 stated that the statute imposes three “strict obligations” on the assessor: “(1) the letter must include a copy of the text of the statute; (2) it must be sent by certified mail to the owner of the property; and (3) it must spell out the consequences of failure to comply with the assessor’s demand, namely a bar to the taxpayer’s taking of an appeal from its assessment.” Id. at 578. The court cites no support for the proposition that the assessor has an obligation to explain the meaning of the statute. Nor is the subject addressed again at any point in the court’s opinion, likely because neither party had raised the issue and the contents of the assessor’s request was not essential to resolution of the parties’ claims.
In Thirty Mazel, supra, the court quoted the above-referenced passage of the Southland opinion in an introductory paragraph on N.J.S.A. 54:4-34. The court did not analyze the Southland opinion or cite any further support for the proposition that the *124 assessor must explain the meaning of Chapter 91. In Thirty Mazel, the issue before the court was whether the subject property was income producing. The contents of the assessor’s Chapter 91 request, and whether the consequences of failing to comply with the statute were explained to the taxpayer were not before court.
While this court is always free to disagree with the opinions of other trial courts, and its own prior opinions, the decision to do so is made easier where a party urges the adoption of dictum. Dictum is a statement by a judge “not necessary to the decision then being made” and as such is “entitled to due consideration but does not invoke the principle of stare decisis.” Jamouneau v. Division of Tax Appeals, 2 N.J. 325, 332, 66 A.2d 534 (1949). “[P]ortions of an opinion that are dicta are not binding.” National Mortgage Co. v. Syriaque, 293 N.J.Super. 547, 554, 681 A.2d 1232 (Ch.Div.1994) (citing Township of West Milford v. Garfield Recreation Committee, Inc., 194 N.J.Super. 148, 476 A.2d 333 (Law Div.1983)). The holding in Southland regarding the assessor’s obligation to explain the appeal-preclusion provision of N.J.S.A 54:4-34 is dictum. The court’s opinion contains no analysis of the issue and it is clear that resolution of the claims before the Southland court was not dependent on whether the assessor “spelled out” the consequences of failing to comply with the income and expense information request. The same is true for the reference to the Southland opinion in Thirty Mazel.
One member of this court has already expressed disagreement with the suggestion in Southland, repeated in Thirty Mazel, that an assessor has an obligation to explain the consequences of failing to respond to a request for income and expense information. “[T]his court ... respectfully disagrees with those decisions to the extent they find that the language of N.J.S.A. 54:4-34 requires” an assessor to “spell out” the consequences of failing to respond to a Chapter 91 request for income and expense information. Town of Phillipsburg v. ME Realty, LLC, 26 N.J.Tax 57, 69 (Tax 2011).
*125 This court agrees that the court in Pisani reached the correct result with respect to the assessor’s obligations and that the dictum announced in Southland and repeated in Thirty Mazel is not controlling. Nothing in N.J.S.A. 54:4-34 requires that the assessor explain to the taxpayer in a request for income and expense information the consequences for failure to respond in accordance with the statute. To hold otherwise would engraft on the statute a duty not reflected in its text. The statute sets out specific obligations of the assessor, including that the request be sent by certified mail and that the text of the statute be included with the request. An obligation to explain the meaning of Chapter 91 is not included in the statute among the assessor’s responsibilities. Moreover, as noted above, the requirement that the assessor include a copy of the text of N.J.S.A. 54:4-34 with a request for information already exceeds what is ordinarily afforded to all individuals, who are presumed to be aware of the law. Inclusion of the statute’s text with the assessor’s request is an added protection deemed necessary by the Legislature in light of the significant consequences of failing to comply. The assessor complied with that requirement here and need do no more to explain to the property owner the meaning of Chapter 91.
Nor is there any merit to plaintiffs claim that the municipality should be precluded by the square corners doctrine from seeking relief under N.J.S.A. 54:4-34. The Supreme Court examined the square corners doctrine in the local property tax context in F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426-27, 495 A.2d 1313 (1985). The Court’s directive was clear:
We have in a variety of contexts insisted that governmental officials act solely in the public interest. In dealing with the public, government must “turn square corners.” Gruber v. Mayor and Twsp. Com. of Raritan Tp., 73 N.J.Super. 120 1179 A.2d 145] (App.Div.), aff'd., 39 N.J. 1 [186 A.2d 489] (1962). This applies, for example, in government contracts. See Keyes Martin v. Director, Div. of Purchase and Property, 99 N.J. 244 [491 A.2d 1236] (1985). Also, in the condemnation field, government has an overriding obligation to deal forthrightly and fairly with property owners. See Rockaway v. Donofrio, 186 N.J.Super. 344 [452 A.2d 694] (App.Div.1982); State v. Siris, 191 N.J.Super. 261 [466 A.2d 96] (1983). It may not conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another.
*126 [Id. at 426-427, 495 A.2d 1313.]
The currency of the square corners doctrine in the area of taxation was highlighted by the Court. The “statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly. It is to be assumed that the municipality will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives.” Id. at 427, 495 A.2d 1313.
The doctrine “cannot be applied with rigidity or undue technicality.” New Concepts For Living, Inc. v. City of Hackensack, 376 N.J.Super. 394, 403, 870 A.2d 697 (App.Div.2005). Equitable relief under the doctrine “cannot be exercised or withheld rigidly, but [is] always subject to the guiding principles of fundamental fairness.” Id. at 404, 870 A.2d 697. The doctrine has been interpreted to include the duty to provide clear and correct notices of statutory timeframes in the area of taxation. Lowe’s Home Centers, Inc. v. City of Millville, 25 N.J.Tax 591 (Tax 2010); Gastime, Inc. v. Director, Div. of Taxation, 20 N.J.Tax 158 (Tax 2002).
Plaintiffs claim for equitable relief is based on its contention that the assessor’s request for income and expense information contains a misrepresentation because the assessor stated that a failure to comply with the request “may” result in dismissal of an appeal of the assessment on plaintiffs property. According to plaintiff, because the statute mandates dismissal of an appeal filed by a taxpayer who fails to respond to the assessor’s request the assessor should have stated that any appeal filed “will” be dismissed if a response is not timely made. Plaintiff’s argument misapprehends the law.
Dismissal of an appeal filed by a taxpayer who fails to respond to an assessor’s request for information is not mandatory. There are several instances in which an appeal filed by a taxpayer who does not respond to an assessor’s request for information may not be dismissed. R. 8:7(e) requires that motions to dismiss based on *127 N.J.S.A. 54:4-34 be made within 180 days of the filing of the Complaint. See Lucent Technologies, Inc. v. Township of Berkeley Heights, 201 N.J. 237, 247-48, 989 A.2d 844 (2010); Paulison Ave. Assoc. v. City of Passaic, 18 N.J.Tax 101 (Tax 1999). Motions to dismiss made after the 180-day limit may be denied on those grounds. ME Realty, supra. In addition, a motion to dismiss based on N.J.S.A. 54:4-34 will be denied if the information request is ambiguous, Cassini supra, the property is not adequately identified, Green, supra, the request comes from a party other than the assessor, Tri-Martin Assocs. II, LLC v. City of Newark, 21 N.J.Tax 253 (Tax 2004), the request is made too late to provide useful information to the assessor in setting an assessment by the statutory deadline, John Hancock Mut. Life Ins. Co. v. Township of Wayne, 13 N.J.Tax 417 (Tax 1993), or the assessor includes in the request an incorrect version of the statute, SAIJ Realty, Inc. v. Town of Kearny, 8 N.J.Tax 191 (Tax 1986). In addition, the appeal-preclusion provision will not be applied to non income-producing property in most instances. H.J. Bailey Co. v. Township of Neptune, 399 N.J.Super. 381, 944 A.2d 706 (App.Div. 2008); Thirty Mazel, supra. Finally, because Chapter 91 is a defense which may be waived, it is possible that the municipality will elect not to seek dismissal of an appeal, perhaps in an effort to settle appeals filed for multiple tax years on the same property or on multiple properties owned by the same taxpayer.
It is plain that dismissal of an appeal filed by a taxpayer who does not respond to a Chapter 91 request is not automatic. Such an appeal may be dismissed, as was explained to the taxpayer by the assessor in this case. But such an appeal may also be permitted to proceed. The assessor’s request contains accurate information, negating the taxpayer’s request for relief under the square corners doctrine. Defendant’s motion is granted.
In Ocean Pines, supra, our Supreme Court held that a taxpayer who does not comply with N.J.S.A. 54:4-34 may nevertheless seek review of the reasonableness of the assessor’s valuation based upon the data available to the assessor when the valuation was made. Such an inquiry would be limited to “(1) the reasonableness of the underlying data used by the assessor, and (2) the *128 reasonableness of the methodology used by the assessor in arriving at the valuation.” 112 N.J. at 11, 547 A.2d 691. The court will enter an Order setting a date for a reasonableness hearing and a deadline for relevant discovery.