NUGENT, J.T.C.
Defendant Borough of Paramus (defendant) moved pursuant to N.J.S.A. 54:4-34 to dismiss the 2011 tax appeal filed by plaintiff Noam, Yeshivat, (Noam or plaintiff) for failure to respond to a request for financial information. Commonly known as a “Chapter 91” request, it was sent by the assessor to commercial property owner Four BC Associates/c/o PAR Building Supply (Four BC), seeking information for the assessor’s use in reaching the property *339 tax assessment for 2011. Six days after the request was sent, Four BC transferred the property to plaintiff. Plaintiff claims that the property became owner-occupied after the transfer; thereby, plaintiffs tax appeal is not subject to dismissal for failure to respond because: (1) the sanction applies only to income-producing property, which plaintiff contends the property no longer is; (2) the assessor failed in his duties to investigate the property transfer and re-send the Chapter 91 request to plaintiff; and (3) it was impossible for plaintiff to provide the information sought because it was not the owner of the property for the period covered by the Chapter 91 request.
The court finds that the dismissal sanction applies to this property because it was income producing during the reporting period covered by the Chapter 91 request validly sent to the property owner. The failure of the prior owner to respond to a valid Chapter 91 request is a defect which runs with the land and acts to bar the tax appeal of plaintiff, the subsequent property owner. Further, the court declines to impose an additional duty upon an assessor to track and re-send a Chapter 91 request to new owners of transferred property. Defendant’s motion to dismiss plaintiffs complaint is granted, subject to plaintiffs right to a reasonableness hearing pursuant to Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).
The facts unfold as follows. On October 1, 2010, the assessor for defendant sent a Chapter 91 request for income and expense information to Four BC, the owner of the property located at W. 50 Century Road, Paramus, New Jersey, also known as Block 1802, Lot 3 (property). The property was classified in the assessor’s records as income-producing under Four BC’s ownership for the years 2008 through 2010.
The request, sent by certified mail, required that Four BC provide income and expense information for the annual period beginning on October 1, 2009, and ending on September 30, 2010, and included a copy of the statute. See N.J.S.A. 54:4-34. The assessor advised Four BC that failure to provide the information within 45 days may bar the taxpayer’s property tax appeal. The *340 certified mail return receipt card was stamped received by the assessor’s office on October 12, 2010, and signed by the recipient but not dated.
Four BC transferred title to the property to plaintiff by way of a deed dated October 7, 2010,[1] recorded on November 29, 2010, and stamped received by the assessor’s office on that date. It is uncontroverted fact that the Chapter 91 notice was received by Four BC, the owner of historically income-producing property, and that Four BC failed to send the income and expense data for the reporting period set forth in the request. The assessor was not advised that the property status changed in any manner during the financial reporting period from its historic income-producing use. In fact, Four BC filed an appeal for the tax year 2010. In opposition to Paramus’ motion to dismiss the 2010 property tax appeal for failure to respond to the assessor’s Chapter 91 request, Four BC never asserted that the property was not income producing. Instead it based its opposition on grounds the assessor had failed to place the appropriate property identifiers on the Chapter 91 request.
In its legal brief submitted to the court, plaintiff acknowledged that it had notice of the Chapter 91 request sent to Four BC, but argued that as an owner-occupant it was under no obligation to respond or to ensure that a response was made.[2] It also acknowledged that no building permits were sought nor construction undertaken on the property as of the date this motion was heard. Plaintiff eventually filed an Initial Claim for Exemption for the property because of its proposed use as a middle school; however, the claim was not filed until October 6, 2011, nearly one year after *341 plaintiffs acquisition of the property and months after this motion was pending. Plaintiff also provided the certification of Edward K. Bonner, a representative of Four BC. Mr. Bonner certified as follows:
I am the consultant for Four BC Associates, who sold the property located at W. 50 Century Road, Paramus, New Jersey [identified as the subject property]. The subject property is owner-occupied, and accordingly, there is no rental income for the property. Therefore, there is no income and expense information that could be reported to the municipality for the subject property in response to the assessor’s Chapter 91 request, which was directed to the previous owner of the property Four BC Assoc c/o Par. Bldg Supply.
Plaintiff explained that the certification was submitted in an effort to clarify that as successor-in-interest to the property it had no income to report during the financial reporting period. Plaintiff further acknowledged that Four BC owned the property during the relevant time period covered by the Chapter 91 request and that the property was income-producing during that time.[3] Based on these facts, defendant seeks dismissal of plaintiffs tax appeal.
A Chapter 91 request allows the assessor access to an owner’s relevant income information for reference in establishing the value and assessment of income-producing property. Terrace View Gardens v. Township of Dover, 5 N.J.Tax 469 (Tax 1982), aff'd o.b., 5 N.J.Tax 475 (App.Div.), certif. denied, 94 N.J. 559, 468
*342 A.2d 205 (1983). The governing statute, N.J.S.A. 54:4-34, reads as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, ... and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request----
The sanction imposed by the statute on a taxpayer that fails to comply with the request “essentially closes the courthouse door on the taxpayer’s right to appeal an assessment.” Southland Corp. v. Township of Dover, 21 N.J.Tax 573, 579 (Tax 2004). In such a case, the only remaining relief available to plaintiff on the tax appeal complaint is to request that the court determine the reasonableness of the data and method used by the assessor. Ocean Pines, supra, 112 N.J. 1, 547 A.2d 691. Given the consequences that befall a taxpayer who fails to comply with the request “the taxpayer’s loss of his right to appeal the assessment, requires a strict construction of the statute.” Great Adventure, Inc. v. Township of Jackson, 10 N.J.Tax 230, 233 (App.Div.1988). As part of the assessor’s obligation, the request must be framed in language that is both clear and unequivocal so that the taxpayer may understand its obligation to respond. Cassini v. City of Orange, 16 N.J.Tax 438 (Tax 1997).
Plaintiff maintains that H.J. Bailey Co. v. Township of Neptune, 399 N.J.Super. 381, 944 A.2d 706 (App.Div.2008), controls the outcome here given the status of the property as non-income producing under its ownership. In H.J. Bailey, the taxpayer received a Chapter 91 request and failed to respond. In opposition to the township’s motion to dismiss the taxpayer filed a certification acknowledging receipt of the request and describing the property as owner-occupied and not income-producing. Id. at 383-384, 944 A.2d 706. The court denied defendant’s motion to dismiss. “Based on the clear language of the statute, we hold that Chapter 91’s appeal-preclusion provision and the limited appeal *343 process fashioned by our Supreme Court in Ocean Pines apply solely to income-producing properties.”[4] Id. at 382-383, 944 A.2d 706. The court however cautioned that a property owner which fails to respond to a Chapter 91 request runs the risk that the property will ultimately be found to have been income-producing, and in that event its relief will be limited under Ocean Pines. Id. at 389, 944 A.2d 706 (citing Alfred Conhagen, Inc. v. Borough of South Plainfield, 16 N.J.Tax 470, 474 (App.Div.), certif. denied, 151 N.J. 74, 697 A.2d 546 (1997)).
In response, defendant argues that H.J Bailey has no application to this matter since the property here was admittedly income-producing under Four BC’s ownership. Defendant argues that Thirty Mazel, LLC v. City of East Orange, 24 N.J.Tax 357 (Tax 2009) is controlling. The court there held that when a property has been income-producing, or the assessor has so categorized the property, the owner has a duty to respond to the Chapter 91 request and inform the assessor of the change in the status of the property. Id. at 367. In Thirty Mazel, the Tax Court found that the owners of a commercial income-producing property temporarily rendered vacant due to renovations were required to comply with the Chapter 91 request despite the fact that the property was vacant during the period for which the financial information was sought. Id. at 367-368. The subsequent tax appeal was dismissed subject to the owner’s rights under Ocean Pines. Id. at 360. According to defendant, the facts in this matter are analogous to those underpinning the decision in Thirty Mazel; specifically,
*344 (1) The property had a history of producing income in the years prior to the period covered by the assessor’s request;
(2) The property’s prior history of producing income was known to the assessor, and the assessor had classified the property as income producing;
(3) The property owner never advised the assessor that the property was not income producing during the time period in question; and
(4) The property owner failed to respond to the assessor’s Chapter 91 request.
Therefore, notwithstanding that the use of the property may have changed upon transfer of ownership to plaintiff, defendant maintains that dismissal is still warranted since Four BC did not satisfy the duty to so inform the assessor.
This court finds that neither H.J. Bailey nor Thirty Mazel control here. Unlike the property in the former, and the apartment buildings temporary rendered vacant in the latter, this property did produce income during the financial reporting period. Plaintiffs argument that subsequent transfer of ownership and changed use of the property are circumstances that excuse compliance with the statute lacks both factual and legal support. The proofs plaintiff relies on to establish that the property use changed upon transfer from the seller are inadequate to establish that fact. Mr. Bonner’s certification, intended to classify the property as non-income producing under plaintiffs ownership, is afforded no weight by this court since the statements lack foundation for his knowledge of plaintiffs property use, and amount to a curious substitute for competent evidence of the actual use of the property.[5] Moreover, the certification does not address the relevant financial reporting period, and any subsequent change in use is belied by the fact that there were no building permits taken to alter the premises after the transfer. In fact, to date no building permits have been sought, and the claimed exemption was not filed until a year after plaintiff purchased the property.
The proofs submitted fail to establish the status of the property as anything other than income-producing for purposes of *345 the Chapter 91 request at issue here. Simply put, the substance of the request and the method by which it was sent to Four BC were proper, the property was income-producing during the reporting period, and no response to the assessor’s request was made. In this ease, taxpayer Four BC had the obligation to provide the information requested within 45 days of receipt of the request. Terrace View Gardens, supra, 5 N.J.Tax at 474-475.
The question remains whether plaintiffs right to challenge the assessment should be foreclosed due to the actions of the prior owner where the Chapter 91 request was never sent by the assessor to plaintiff. Plaintiff contends that such a result violates the clear and unambiguous notice standards of the statute, and therefore plaintiffs basic right to be heard, in reliance on Towne Oaks at South Bound, Brook v. Borough of South Bound Brook, 326 N.J.Super. 99, 102, 740 A.2d 684 (App.Div.1999) (“[t]he touchstone of due process is fair notice and an opportunity to be heard”), certif. denied, 164 N.J. 188, 752 A.2d 1290 (2000). Plaintiff urges this court to impose an obligation upon the assessor to investigate all property transfers and then re-send to each subsequent owner another proper Chapter 91 request. According to plaintiff such a duty is triggered particularly in this case because the assessor knew about the transfer, having been provided with a copy of the deed well before plaintiffs tax appeal, and had marked the property sale as NU 26, non-usable.
The court is not persuaded. These facts are analogous to those in ADP of New Jersey, Inc. v. Township of Parsippany-Troy Hills, 14 N.J.Tax 372 (Tax 1994), where the owner failed to respond to a proper Chapter 91 request resulting in dismissal of the tax appeal filed by the subsequent property owner leaving an Ocean Pines hearing as its only remaining relief. In ADP the plaintiff maintained that because it had not received notice of the original request it had no opportunity to respond, in violation of due process. Id. at 377. The court disagreed and held,
[j]ust as the Ocean Pines reasonableness hearing supported due process in that case, the availability of a reasonableness hearing for ADP -will likewise provide it with due process. Taxpayer’s contention that it is denied due process by the inaction of the prior owner fails because ADP, as purchaser from the prior owner, *346 stands in the shoes of the prior owner. Notice to a prior owner is notice to a subsequent owner. The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review. [] If the requirements of due process have been satisfied as to a prior property owner, then, with respect to local property tax, due process is satisfied as to a successor in title. [Ibid, (internal citations omitted).]
The court reasoned that “when the property was transferred three months after the assessor’s request of the prior owner, it was the obligation of the purchaser to make inquiry of the assessment status if it intended to protect its right to contest the [ ] assessment” thus reaffirming the principle that a Chapter 91 defect runs with the land. Id. at 378. As well, the court referenced other instances where the actions of a prior owner may affect the property tax assessment rights of a subsequent purchaser including an agreement between the owner and the taxing authority to apply the provisions of the Freeze Act, N.J.S.A. 54:51A-8 reached prior to sale of the property. Ibid. Likewise, failure of a prior owner’s adherence to the tax-payment requirements of N.J.S.A. 54:3-27 and N.J.S.A 54:51A-lb may bar an appeal filed by subsequent owner. Ibid.
Property taxes are not a personal obligation of the owner but are a lien on the property. It is the obligation of a purchaser to ascertain the facts concerning the property tax and the property tax assessment on the property that it proposes to purchase and to protect itself in its agreement with the seller as to any rights that it may wish to assert with respect to the property tax.
[Id. at 378-379.]
For the same reasons, plaintiffs reliance on the argument that as a new owner it was impossible to comply with the Chapter 91 request is misplaced. Plaintiff argues that as an owner-occupier it had no income and expense information to report, nor did it possess financial information as to Four BC, and further, that the law does not impose a duty upon one owner to provide income and expense information not in its dominion and control, in reliance on Town of Phillipsburg v. ME Realty, LLC, 26 N.J.Tax 57 (Tax 2011). In ME Realty the court denied defendant’s motion to dismiss because the request was vague and could be interpreted as if the assessor was seeking future financial income and expense data not in existence at the time. Id. at 68. The court found it was impossible for the plaintiff to provide a response to the *347 Chapter 91 request. Ibid. ME Realty has no application to the facts before this court. As in ADP, plaintiff Noam was charged with ascertaining the facts concerning the property tax and the property tax assessment which would have afforded Noam with the opportunity to protect itself in its agreement with the seller, Four BC. Having failed to do so, Noam now stands in the shoes of the prior owner. The failure of Four BC to respond to the request is a defect that runs with the land and thus bars plaintiffs tax appeal. Moreover, plaintiff retains the right to request a reasonableness hearing. Thereby, dismissal of plaintiff’s tax appeal is consonant with notions of due process.
By its argument plaintiff seeks to have this court impose upon assessors an additional requirement to investigate the sale of properties and re-send requests to the purchasers. This court finds that the assignment of such a duty is contrary to the plain language of the statute, N.J.S.A. 54:4-34, and to settled case law. Great Adventure, Inc. v. Township of Jackson, supra, 10 N.J.Tax at 233; Cassini, supra, 16 N.J.Tax at 453; Green v. City of East Orange, 21 N.J.Tax 324 (Tax 2004).
All property is subject to taxation annually and all real property shall be valued and assessed as of October 1st of each year. N.J.S.A. 54:4-23. Assessors are statutorily required to complete assessments by January 10th of the current tax year. N.J.S.A. 54:4-35; John Hancock Mut. Life Ins. v. Township of Wayne, 13 N.J.Tax 417, 422 (Tax 1993). The additional burden plaintiff proposes would run counter to the purpose of the Chapter 91 mechanism; that being “to assist the assessor in the first instance, to make the assessment and thereby ... to avoid unnecessary expense, time and effort in litigation.” Ocean Pines, supra, 112 N.J. at 7, 547 A.2d 691 (quoting Terrace View Gardens, supra, 5 N.J.Tax at 474-475).
Further, the Tax Court has previously declined to expand the assessor’s duties. In James-Dale Enters. v. Township of Berkeley Heights, 26 N.J.Tax 117 (Tax 2011), the Tax Court expressly disagreed with the court’s decision in Southland Corp. v. Township of Dover, supra, 21 N.J.Tax at 578, to the extent that *348 Southland required that the request spell out the consequences of a timely response. James-Dale Enters., supra, 26 N.J.Tax at 119. In James-Dale Enters., the court adopted the holding in Pisani v. Township of Wayne, 13 N.J.Tax 412 (Tax 1993) and rejected that notion. Accord. Town of Phillipsburg v. ME Realty, LLC, supra, 26 N.J.Tax at 69.
The facts of this case present a fitting example of the impractical nature of the requirement urged by plaintiff as well as the improbability of its fair enforcement. By the time the Paramus assessor’s office was notified of the sale of the property, the Chapter 91 response time had expired. Assuming the latest possible date of October 12, the forty-five day period would have ended on November 27, 2010, yet the deed was not received by the assessor’s office until November 29, 2010. It would have been impossible for the assessor to re-send the request. The court is also cognizant of defendant’s concern that such a rule would excuse an owner from providing a response occasioned by transfer of the property. Noneompliant property owners could act to “resurrect” tax appeal rights by simply transferring ownership of the property. The court accepts that notion as a real concern.
For the aforementioned reasons, the court grants defendant’s motion to dismiss the complaint, subject to plaintiffs right to a reasonableness hearing.

 Consideration in the amount of four million dollars ($4,000,000) was listed on the deed. Records of the assessor reveal the sale was marked as NU 26, non-usable, without an explanation for the designation. NU 26 signifies a "[s]ale[] which for some reason other than specified in the enumerated categories [is] not deemed to be a transaction between a willing buyer, not compelled to buy, and a willing seller, not compelled to sell.” N.J.A.C. 18:12-1.1(a).

 Plaintiff did not apprise the court of how or when it became aware of the Chapter 91 request.

 Defendant challenged the certification at oral argument, questioning its accuracy. Defendant suspected, given the language of the certification, that the statements were meant to persuade the court that the property did not produce any income during the reporting period and instead was owner-occupied by Noam at that time, particularly since Mr. Bonner did not provide the date on which the transfer took place. However, as noted above, plaintiff clarified its intent. At oral argument defendant also claimed that during all relevant times the buildings transferred to plaintiff contained rentable office space. The parties were afforded additional time to provide supplemental proof regarding the use of the property given the representations made to the court by counsel for plaintiff and defendant. John O'Hara, Esq. of the Margolis Edelstein law firm, attorneys for plaintiff, submitted a supplemental certification. The only information imparted through the certification was a copy of the deed for the property and a printout from the New Jersey Tax Board Association website, denoting that the sale of the property was marked as non-usable.

 The court raised concern with the anomaly posed by the language of the statute, which declares that "all property owners, regardless of the status of the property, are required to respond,” however, by its clear terms, the sanction for failing to respond applies only to income-producing properties. H.J. Bailey, 399 N.J.Super. at 383, 944 A.2d 706. "Unfortunately, N.J.S.A. 54:4-34’s clear language confers upon owners of non-income-producing properties the unilateral right to ignore the Chapter 91 request with impunity.” Id. at 389, 944 A.2d 706. The court recommended that the Legislature address the issue and provide a "clear consequence” for owners of non-income producing properties who fail to respond to the assessor’s Chapter 91 request. Ibid.

 According to counsel for plaintiff he was unable to secure a certification from his client in sufficient time to file papers with the court, and therefore relied instead upon the certification provided by Mr. Bonner, a representative of Four BC.