**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4886-17T2

FULTON PARTNERS, LLC,

    Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK,

    Defendant-Respondent.

_____

Argued September 23, 2019 – Decided October 11, 2019

Before Judges Sumners, Geiger and Natali.

On appeal from the Tax Court of New Jersey, Docket No. 003351-2017.

Joseph G. Buro argued the cause for appellant (Zipp & Tannenbaum, LLC, attorneys; Joseph G. Buro, of counsel and on the briefs).

Richard J. Mirra argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Emil H. Philibosian, of counsel; Richard J. Mirra, on the brief).

PER CURIAM

Plaintiff Fulton Partners, LLC filed a tax appeal disputing a 2017 tax assessment of income-producing property (the Property) located in the City of New Brunswick.  New Brunswick moved to dismiss the complaint under Rule 8:7(e) due to the then property owner's failure to respond to a request for income and expense information pursuant to N.J.S.A. 54:4-34 (Chapter 91).  Fulton Partners appeals from a Tax Court order granting the motion in part and judgment dismissing the tax appeal for lack of prosecution.  We affirm.

I.

Fulton purchased the Property from Fulton Gardens Associates, LLP for $3,500,000 on August 17, 2016.  The deed conveying the Property to Fulton Partners is dated August 17, 2016, but for reasons not explained in the record was not recorded until December 21, 2016.  There is no evidence in the record that a notice of settlement was recorded in the county recording office by either the seller, or the mortgagee pursuant to N.J.S.A. 46:26A-11.

Prior to the sale of the property, on June 1, 2016, the tax assessor for New Brunswick sent Fulton Gardens an Annual Request for Income & Expense Information (the Request) for the Property.  The request was sent by certified mail to 2003 Route 130, Suite F, North Brunswick, New Jersey 08902, the correct mailing address of Fulton Gardens.  Fulton Gardens was a tenant in the office building

located at that street address. The certified mail was signed for and accepted on June 6, 2016, by Mary Jo Mieszkuc, who works for another company in the same office. Mieszkuc was not an employee of Fulton Gardens.

Mieszkuc signed for Fulton Gardens' certified mail "[a]s a courtesy to other tenants, in their absence," and "[a]s was normal practice, the mail was placed on the filing cabinet at the front of [her] office for retrieval by the tenant." Lawrence Bruskin, a partner at Fulton Gardens, handled such requests but does "not recall receiving the income request."

The Request was sent according to Chapter 91 to provide income information utilized by the tax assessor to determine the assessed value of income-producing property. A property owner has forty-five days to respond or the assessor will value the property with information available to the assessor. If no response is made and the property is income-producing then the property owner loses the right to appeal that year's assessment. The forty-five day response period ended on July 21, 2016, some twenty-seven days before Fulton Partners purchased the Property.

Fulton Gardens made no response to the Request. The assessor valued the Property at $4,468,300.00 for the 2017 tax year. Fulton Partners filed a tax appeal complaint disputing the assessment. New Brunswick moved to dismiss the complaint pursuant to Chapter 91 because the property owner, Fulton Gardens, had

failed to respond to the Request. Fulton Partners opposed the motion on the following grounds: (1) the Request was sent to the prior owner of the Property, and discovery was needed to determine if the prior owner received the Request and responded to it; (2) discovery was needed to explore the reevaluation company's possible involvement in the Chapter 91 process since the New Brunswick underwent a district-wide reevaluation in 2016 for the 2017 tax year; and (3) discovery was needed to explore whether the Request was only a pretext aimed at dismissal of tax appeal complaints.

The court focused on whether "the prior owner's alleged failure to respond to the Chapter 91 request should . . . be construed against" Fulton Partners. It noted consistent Tax Court "precedent holds that if the predecessor did not respond to a Chapter 91 request, then the successor owner's complaints can be dismissed." Following that established precedent, the court reasoned:

> [S]ince the Chapter 91 request was sent to the prior owner, two months prior to the sale of the [Property], and six months prior to the recording of that sale (since a recorded deed usually puts an assessor on notice of new ownership). At the time the deed was recorded, the 45-day period had obviously expired. At this point, i.e., in December of 2016, re-sending another request to plaintiff as the current owner would be of no use since the assessments need to be finalized by January 10, of the current tax year. N.J.S.A. 54:4-35. It is plaintiff's responsibility, as the purchaser, to ensure not only clean title, but also the status

4

of assessments (example, added assessment, pro-rated tax payments, sewer payments), which envisages an inquiry into any correspondence from the assessor, including a Chapter 91 request. . . . [A]s noted in [Yeshivat v. Borough of Paramus, 26 N.J. Tax 335, 347 (Tax 2012)], the failure of the successor owner to exercise due diligence, and instead seek to impose "upon assessors an additional requirement to investigate the sale of properties and resend requests to the purchasers," is asking this court to impose a duty upon the assessor which is not required by the plain language of N.J.S.A. 54:4-34.

The Tax Court stayed the motion for Fulton Partners to determine if the Property was income-producing and whether the prior owner received and responded to the Request. Fulton Partners was directed to file any certifications or affidavits by March 2, 2018. The court stated that following submission of further supporting and opposing papers, the case would be scheduled for a plenary hearing, if required.

On April 25, 2018, the Tax Court issued an order and letter opinion granting New Brunswick's motion in part. The court determined the assessor complied in all respects with N.J.S.A. 54:4-34 by sending the Request and a copy of the statute to the Property's owner of record by certified mail in June 2016. This placed the burden upon the Fulton Gardens to respond in a timely manner.

5

Accordingly, the Tax Court granted New Brunswick's motion to dismiss in part, subject to a reasonableness hearing. [1] As part of its ruling, the court addressed whether Fulton Gardens received the Request. Bruskin certified he did not receive a Chapter 91 request in 2016. New Brunswick submitted Mieszkuc's certification that stated she commonly accepted certified mail sent to other tenants in the office building and left the Chapter 91 request in a common area "on the filing cabinet at the front of the office." The parties did not want to pursue a hearing to have Bruskin or Mieszkuc provide live testimony because neither contested their credibility.

The Tax Court found that the certified mail was sent to the proper address of Fulton Gardens but was not delivered "specifically" to Suite F. However, it determined:

> Due to [Fulton Partner's] refusal to provide testimonial evidence, wherein the court has the opportunity to seek clarifications in addition to observing the witnesses' demeanor and candor, thus, their credibility, the court cannot, based on the certifications alone, conclude that the Chapter 91 request was not delivered to the prior owner.

---

[1] A "reasonableness hearing" examines "(1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation," but does not allow a taxpayer to introduce income and expense information. Davanne Realty v. Edison Twp., 408 N.J. Super. 16, 21 (App. Div. 2009) (quoting Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 11 (1988)).

The Tax Court concluded "plaintiff failed to prove non-delivery of the statutorily compliant, properly addressed, and mailed Chapter 91 request." Fulton Partners elected not to proceed with the reasonableness hearing. As a result, the Tax Court entered judgment dismissing the complaint for lack of prosecution because Fulton Partners "waiv[ed] its right to challenge the reasonableness of the assessment." This appeal followed.

Fulton Partners argues: (1) Chapter 91 is not intended to preclude an innocent purchaser from appealing an assessment if the income request is sent to the prior owner of the property; and (2) the prior owner's failure to respond to the Chapter 91 request does not run with the land.

## II.

Our standard of review is well-settled. We defer to the special expertise of the Tax Court. Estate of Taylor v. Dir., Div. of Taxation, 422 N.J. Super. 336, 341 (App. Div. 2011); Glenpointe Assocs. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990). The findings of Tax Court judges "will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Glenpointe Assocs. 241 N.J. Super. at 46 (citations omitted). However, "[s]tatutory interpretation involves the examination of legal issues and is, therefore, a question of law subject to de novo review." Saccone v. Bd. of

7

Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (citations omitted).

## III.

Chapter 91 was initially enacted in 1918. The Supreme Court has thoroughly examined its legislative history. Lucent Techs., Inc. v. Twp. of Berkeley Heights, 201 N.J. 237, 245-47 (2010). As noted by the Court:

> It was not until the statute's most recent amendment, in 1979, that the Legislature added the language that is the focus of this appeal. The 1979 amendment added both the forty-five-day time for a taxpayer's response and the limitation on the taxpayer's right to appeal the assessor's valuation of the property if the owner failed to timely respond or rendered false or fraudulent information. See L. 1979, c. 91, § 1.
>
> [Id. at 246.]

The current version provides in pertinent part:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and

8

fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . . .

[N.J.S.A. 54:4-34.]

In addition to the statutory requirements, the Court "adopted Rule 8:7(e) to serve as the mechanism through which the municipality effectuates the relief that the statute affords." Lucent Techs., 201 N.J. at 247.

Chapter 91 was enacted to fulfill the State's constitutional mandate to assess and tax real property at "the same standard of value" and "the general tax rate of the taxing district." N.J. Const. art. VIII, § 1, ¶ 1(a); see also McMahon v. City of Newark, 195 N.J. 526, 541 (2008). "Real property taxes are assessed at the local level on October 1 of each year" and must be completed by January 10 of the following year. Davanne Realty v. Edison Twp., 408 N.J. Super. 16, 20 (App. Div. 2009) (citing N.J.S.A. 40A:9-146; N.J.S.A. 54:4-23; McMahon, 195 N.J. at 541).

Real-property owners must respond to specified requests made by the tax assessor within forty-five days. N.J.S.A. 54:4-34. An assessor can value the property based on the information available if the taxpayer "fail[s] or refuse[s]" to do so. Ibid. If so, the assessor must "reasonably determine . . . the full and fair value" of the property. Ibid.

"No appeal shall be heard from the assessor's valuation" if the property is income-producing and the owner does not respond. Ibid.; accord Ocean Pines, 112 N.J. at 11; H.J. Bailey Co. v. Neptune Twp., 399 N.J. Super. 381, 383 (App. Div. 2008). The appeal-dismissal sanction is limited to precluding "appeals asserting claims for revaluation based upon the economic data withheld by the taxpayer." Ocean Pines, 112 N.J. at 7 (quoting Ocean Pines, Ltd. v. Borough of Point Pleasant, 213 N.J. Super. 351, 354 (App. Div. 1986)). The sanction is meant "to assist the assessor in the first instance, to make the assessment and thereby . . . to avoid unnecessary expense, time and effort in litigation." Ibid. (quoting Terrace View Gardens v. Twp. of Dover, 5 N.J. Tax 469, 474-75 (Tax 1982), aff'd o.b., 5 N.J. Tax 475 (App. Div. 1983)).

If a property owner does not timely respond to a Chapter 91 request, their tax appeal complaint is subject to dismissal. R. 8:7(e). See also Yeshivat v. Borough of Paramus, 26 N.J. Tax 335, 342 (Tax 2012); Terrace Gardens, 5 N.J. Tax at 474-75. "In such a case, the only remaining relief available to plaintiff on the tax appeal complaint is to request that the court determine the reasonableness of the data and method used by the assessor." Yeshivat, 26 N.J. Tax at 342 (citing Ocean Pines, 112 N.J. [at 11]). This is referred to as a "reasonableness hearing" where the property owner loses "the opportunity to rely on information that should have been provided

within the statutory time-frame." Davanne Realty, 408 N.J. Super. at 21. The taxpayer cannot avoid the appeal dismissal sanction by submitting the requested income information after the forty-five-day window closes. Ocean Pines, 112 N.J. at 7. In so ruling, the Court noted:

> If the economic data are to be of any use in the valuation process, they must be submitted in timely fashion to the assessor, and not to a tribunal on a subsequent appeal. . . . By barring the use of those data on a subsequent appeal, the statute "encourage[s] compliance" with a proper request for that information.
>
> [Id. at 7-8 (alteration in original) (citation omitted).]

IV.

The record demonstrates Fulton Gardens was the owner of the Property when the assessor mailed the Request on June 1, 2016. The Request was sent by certified mail to the correct address, signed for by a receptionist, and received on June 6, 2016. The forty-five-day response window expired on July 21, 2016. Fulton Gardens did not respond to the Request.

Fulton Partners argues Fulton Gardens did not actually receive the Request. The Tax Court determined it could not decide whether Fulton Gardens actually received the Request on the conflicting certifications alone. The court scheduled a plenary hearing to hear testimony of Bruskin and Mieszkuc. Fulton Partners' attorney advised the court that neither party contested the credibility

of Bruskin or Mieszkuc and consented to the court deciding the issue on the papers. The Tax Court initially refused the request to decide the issue on the papers, "since it had to assess the credibility of the affiants," and directed the parties to appear for the hearing with their witnesses. In a subsequent telephonic hearing, the parties advised that neither party wanted to pursue a hearing. Fulton Partners "was unwilling to provide" Bruskin's testimony, even though Bruskin was available to testify.

The Tax Court noted that it would be inappropriate to decide this contested issue without "the opportunity to seek clarifications in addition to observing the witnesses' demeanor and candor, thus, their credibility." The court concluded that because of Fulton Partners' decision not to present testimonial evidence, it could not, "based on the certifications alone, conclude that the Chapter 91 request was not delivered to the prior owner. Indeed, [Fulton Partners'] decision not to provide testimony at the plenary hearing allows [the] court to draw a negative inference that the Chapter 91 request was delivered to, and received by, the prior owner."

The Tax Court further found Mieszkuc's certification "raises an inference of delivery." The Tax Court noted Mieszkuc stated in her certification that it was normal practice for her to accept and sign for the certified mail of other

tenants in their absence, and place the mail on the filing cabinet at the front of her office for retrieval by those tenants.

The Tax Court concluded it was permitted "to conclude that a properly addressed piece of certified mail, return receipt requested, is delivered, and is deemed to be received by the addressee even if the recipient is not the addressee," citing Green v. East Orange, 21 N.J. Tax 324, 334 (Tax 2004); Hammond v. Paterson, 145 N.J. Super. 452, 456 (App. Div. 1976); Cardinale v. Mecca, 175 N.J. Super. 8, 11 (App. Div. 1980); and Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962).

Fulton Partners elected not to proceed with the plenary hearing regarding service of the Request. It did not contest Mieszkuc's credibility. On this record, it can hardly complain the Tax Court erred by finding Fulton Gardens received the Request that was delivered to the proper address, signed for by Mieszkuc, and left for pickup by Fulton Gardens in accordance with normal practice. Moreover, Fulton Partners did not purchase the property until August 17, 2016. It does not claim Fulton Gardens or the mortgagee recorded a notice of settlement pursuant to N.J.S.A. 46:26A-11.[2]

---

[2] A notice of settlement may be recorded to give notice to any person who claims an interest in or lien on the property described in the notice of the intended

Fulton Partners also argues the Tax Court erred by holding the prior owner's failure to respond to the Request runs with the land, thereby binding the purchaser. We disagree.

Beginning with Carriage Four Associates v Teaneck Township., 13 N.J. Tax 172 (Tax 1993), the Tax Court has consistently held the failure to respond to a Chapter 91 request runs with the land. In Carriage Four, the court held a court-appointed receiver was bound by the owner's failure to respond to the Chapter 91 request. Id. at 179.

The following year, the Tax Court decided ADP, which involved essentially identical facts to those presented in this case. There, the municipality sent a Chapter 91 request to the owner of income-producing property on September 1, 1993. 14 N.J. Tax at 375. No response was made to the request. Id. at 376. The property was then purchased by a subsequent owner on December 1, 1993. Id. at 375. The subsequent owner challenged the Chapter

_____

conveyance or mortgaging of the property. N.J.S.A. 46:26A-11. The notice of settlement is effective for sixty days and may be extended for an additional sixty days. N.J.S.A. 46:26A-11(d). Any person acquiring an interest in or lien on the property within that time period "shall be deemed to have acquired the interest or lien with knowledge of the anticipated settlement and shall be subject to the estate or interest created by the deed or mortgage described in the notice of settlement provided the deed or mortgage is recorded within the time that the notice is effective." N.J.S.A. 46:26A-11(f).

91's constitutionality. Id. at 377. The Tax Court held that "[i]f the requirements of due process have been satisfied as to a prior property owner, then, with respect to local property tax, due process is satisfied as to a successor in title." Ibid. The court further held "when the property was transferred three months after the assessor's request of the prior owner, it was the obligation of the purchaser to make inquiry of the assessment status if it intended to protect its right to contest the 1994 assessment." Id. at 378. The court explained:

> Property taxes are not a personal obligation of the owner but are a lien on the property. It is the obligation of a purchaser to ascertain the facts concerning the property tax and the property tax assessment on the property that it proposes to purchase and to protect itself in its agreement with the seller as to any rights that it may wish to assert with respect to the property tax.
>
> [Id. at 378-79.]

In Yeshivat, the municipality sent a Chapter 91 request to the prior owner of income-producing property on October 1, 2010. 26 N.J. Tax at 339. No response was made to this request. Id. at 340. The property was conveyed to the subsequent owner on October 7, 2010, and the deed was recorded and received by the assessor on November 29, 2010. Ibid. The new owner appealed the assessment, arguing "it was under no obligation to respond or ensure that a response was made." Ibid. The new owner "urge[d] th[e] court to impose an

A-4886-17T2

obligation upon the assessor to investigate all property transfers and then re-send to each subsequent owner another proper Chapter 91 request." Id. at 345. The court disagreed, holding "[t]he failure of [the prior owner] to respond to the request is a defect that runs with the land and thus bars plaintiff's tax appeal. Moreover, plaintiff retains the right to request a reasonableness hearing. Thereby, dismissal of plaintiff's tax appeal is consonant with notions of due process." Id. at 347. The tax appeal complaint was dismissed subject to a reasonableness hearing. Id. at 348.

The court also commented that "[t]he additional burden plaintiff proposes would run counter to the purpose of the Chapter 91 mechanism; that being 'to assist the assessor in the first instance, to make the assessment and thereby . . . to avoid unnecessary expense, time and effort in litigation.'" Id. at 347 (quoting Ocean Pines, 112 N.J. at 7).

Most recently, the Tax Court addressed this issue in 975 Holdings, LLC v. City of Egg Harbor, 30 N.J. Tax 124 (Tax 2017). There, the previous owner filed a Chapter 11 bankruptcy and retained its status as debtor-in-possession. Id. at 126. The previous owner did not respond to a Chapter 91 request served during the course of the bankruptcy proceedings. Ibid.

In September 2015, the subsequent owner entered into a contract to purchase the property. The sale was approved by Bankruptcy Court the following month and closed in November 2015. Ibid. The subsequent owner then challenged the assessment. Id. at 127. The Tax Court held that a debtor-in-possession's failure to respond to a Chapter 91 request "runs with the land." Id. at 130 (quoting ADP, 14 N.J. Tax at 378). Accordingly, the subsequent owner was "saddled with the failure" of their predecessor's non-response. Ibid. The Tax Court rejected the argument that a bankruptcy sale extinguished a previous Chapter 91 request, concluding the purchaser "either knew, or should have known, the status of the property taxes including the amount of taxes and Chapter 91 compliance status." Id. at 131. The court held the purchaser was obliged "to protect itself in its agreement with the seller as to any rights that it may wish to assert with respect to the property tax." Id. at 32 (quoting ADP, 14 N.J. Tax at 378-79).

We concur with the holdings in Carriage Four, ADP, Yeshivat, and 975 Holdings. The duty imposed on Fulton Gardens to respond to the Request runs with the land. Fulton Gardens did not respond to the Request. The statutory time period to respond expired before Fulton Partners purchased the property. There is no evidence in the record that the assessor had actual or constructive

17                                                                    A-4886-17T2

notice of the sale of the property prior to sending the Request or during the forty-five-day response period.

Notably, a notice of settlement was not recorded. The deed conveying the property to Fulton Partners was not recorded until December 21, 2016. Consequently, the assessor did not receive an abstract of the recorded deed and the name of the grantee from the county clerk until sometime thereafter.[3] New Brunswick only had until January 10, 2017 to finalize the assessment for the upcoming year. John Hancock Mut. Life Ins. v. Twp. of Wayne, 13 N.J. Tax 417, 422 (Tax 1993) (citing N.J.S.A. 54:35-1). Taking mailing time into account, this left far too little time to request income information from Fulton Partners, receive their response, and analyze the income data as part of a reevaluation process.

We conclude the assessor had no duty to notify Fulton Partners of the previous Chapter 91 request, or to allow it to submit the income information beyond the forty-five-day period. While this may at first glance seem harsh, Fulton Partners was not left without a remedy. As recognized by the Tax Court, it still had the right to proceed to a reasonableness hearing to determine the

---

[3] N.J.S.A. 54:4-31 requires the county clerk or registrar of deeds to mail an abstract of the deed, together with the address of the grantee, within one week after the deed is recorded.

A-4886-17T2

reasonableness of the underlying data and methodology used by the assessor. Ocean Pines, 112 N.J. at 11.

Moreover, Fulton Partners had ways to protect itself against Fulton Gardens not responding to the Request. The contract of sale could have required the seller to timely respond to any Chapter 91 request and give notice thereof to Fulton Partners, with contractual penalties if it did not, including responsibility for any resulting tax increase. Fulton Partners also could have inquired of the assessor whether any Chapter 91 requests were served or contemplated, and whether the property was being reevaluated.

Finally, we decline to impose a potentially burdensome, if not impracticable, obligation on the assessor to investigate property transfers in the municipality leading up to, or during, the forty-five-day response period and then re-send Chapter 91 requests to each new owner, where the assessor has not received notice of the transfer pursuant to N.J.S.A. 54:4-31. The 1979 amendment to N.J.S.A. 54:4-34 reflects no such legislative intent. It is not our role to go beyond the plain meaning of the statute. Had the Legislature intended to impose this burden on the assessor it would have expressed that intent in the language of the statute. It did not.

Fulton Partners remaining arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

V.

In summary, the property is income-producing.  The Request was served on the property owner and went unanswered.  The duty to respond to the Request runs with the land.  Therefore, the appeal sanction imposed by N.J.S.A. 54:4-34 applied.  Nevertheless, Fulton Partners still had the right to a reasonableness hearing.  It was also afforded the opportunity to pursue a plenary hearing regarding Fulton Gardens' receipt of the Request but elected not to proceed with either hearing.  The Tax Court concluded Fulton Partners waived its right to challenge the reasonableness of the assessment, and dismissed the tax appeal complaint.  The record fully supports these findings and conclusions.  We discern no error by the Tax Court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4886-17T2